## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINE SEHOLM | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| J. C. PENNEY CORPORATION, INC. | : | |
| | : | |
| Defendant | : | MAY 22, 2015 |

## <u>NOTICE OF REMOVAL</u>

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

**COURT FOR THE DISTRICT OF CONNECTICUT:**

Pursuant to 28 U.S.C. §§ 1441 and 1446 *et seq.*, Defendant J. C. Penney Corporation, Inc. ("J. C. Penney") hereby submits this notice of removal of the above-entitled civil action from the Superior Court of Connecticut for the Judicial District of Hartford at Hartford ("the State Action") to the United States District Court for the District of Connecticut. Removal of this action, as explained below, is based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a).

In support of the removal of this case, J. C. Penney submits the following:

1.     J.C. Penney is a defendant in the above-entitled civil action, bearing a return date of May 26, 2015, brought in the Connecticut Superior Court. Copies of the Summons and Complaint in that action are attached hereto as **Exhibit A**. J. C. Penney first received the Summons and Complaint when it was served on April 22, 2015.

2.      At the time the State Action was commenced, J. C. Penney Corporation, Inc. was (and continues to be) a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024. J. C. Penney Corporation, Inc. is not a citizen of the State of Connecticut.

3.      Plaintiff is a citizen of the State of Connecticut, residing at 16 Lincoln Street, Unionville, Connecticut 06085.

4.      Removal to federal court is appropriate based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because:

a.      The plaintiff and defendant are citizens of different states and were citizens of different states at the time the suit was initiated;

b.      The Complaint does not specify the amount in demand other than the jurisdictional allegation that the damages are greater than $15,000, pursuant to Conn. Gen. Stat. § 52-91.

c.      Plaintiff's counsel would not stipulate that the amount in controversy does not exceed $75,000.00.

d.      Plaintiff alleges in her complaint that she "suffered and sustained the following injuries and losses, the effects of all or some of which are or are likely to be permanent in nature, and all of which were accompanied by pain, suffering and anxiety:  (a) injuries to the cervical spine; (b) injuries to both shoulders; (c) injuries to the lumbar spine; (d) injuries to both knees; and (e) injuries to the contiguous muscles, ligaments, nerves, soft tissues, glands, bones and joints of the injured

parts." Plaintiff further alleges that she "was forced to incur expenses for medical care and attention, hospital care, x-rays, physical therapy, prescriptions and the like and may in the future." Plaintiff further alleges she "was unable to perform the usual activities of her household and everyday life as she did prior to this occurrence, all to her further loss and detriment." Plaintiff further alleges she "may have lost time from her employment and may continue to lose time from work all to her economic loss and detriment."

     e.     Based on the foregoing, there is a reasonable probability that the amount sought by Plaintiff and in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.     This Notice of Removal is timely under 28 U.S.C. § 1446(b), because the Plaintiff's Summons and Complaint in this action was served upon J. C. Penney on April 22, 2015, which is within 30 days of the filing of this Notice of Removal.

6.     Pursuant to 28 U.S.C. § 1446(d), J. C. Penney has, as of this date, notified the Connecticut Superior Court of the filing of this Notice of Removal. A copy of the Notice of Removal filed in the Connecticut Superior Court is attached hereto as **Exhibit B**.

7.     Pursuant to the Standing Order on removed cases, a Statement of Removed Case and a Notice of Pending Motions are being filed simultaneously herewith.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, J. C. Penney does hereby remove the aforementioned action from the Connecticut Superior Court and henceforth proceed in this Court.

3

DEFENDANT:
J. C. PENNEY CORPORATION, INC.


By: /s/ David W. Case
       James A. Budinetz (ct16068)
       David W. Case (ct25895)
       McElroy, Deutsch, Mulvaney & Carpenter, LLP
       One State Street, 14th Floor
       Hartford, CT 06103
       Tel:  860-522-5175
       Fax:  860-522-2796
       jbudinetz@mdmc-law.com
       dcase@mdmc-law.com

<u>**CERTIFICATION**</u>

This is to certify that a copy of the foregoing was sent via first class mail, postage

prepaid, on this 22nd day of May, 2015, to the following:

**<u>Counsel for Plaintiff:</u>**
William B. Wynne, Esq.
Adler Law Group, LLC
111 Founders Plaza, Suite 1102
East Hartford, CT  06108
Tel:  860.282.8686
Fax:  860.282.8688
Juris No. 420107


/s/     David W. Case
            David W. Case

DWC/34446/2/1295553v1
05/21/15-HRT/LFG

# **EXHIBIT A**

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-13
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**See page 2 for instructions**

□ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
□ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
□ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 95 Washington Street, Hartford 06106 | ( 860 ) 548-2700 | **May** Month | **26** Day | **, 2 015** Year |

| ☒ Judicial District | G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| □ Housing Session | □ Number: | **Hartford** | Major: **T** | Minor: **12** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| **William B. Wynne, Esq., Adler Law Group, LLC, 111 Founders Plaza** | **428826** |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 ) 282-8686 | |

| Number of Plaintiffs: **1** | Number of Defendants: **1** | □ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: **SEHOLM, CHRISTINE** Address: **16 Lincoln Street, Unionville, CT, 06085** | P-01 |
| **Additional Plaintiff** | Name: Address: | P-02 |
| **First Defendant** | Name: **J. C. PENNEY CORPORATION, INC.** Address: **c/o Agent for Service: CT Corporation System, One Corporate Ctr., Hartford, CT, 06103** | D-01 |
| **Additional Defendant** | Name: Address: | D-02 |
| **Additional Defendant** | Name: Address: | D-03 |
| **Additional Defendant** | Name: Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| | □ Assistant Clerk | **William B. Wynne, Esq.** | 04/21/2015 |

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

**See Complaint**

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court | Date | Docket Number |
|---|---|---|---|
| | □ Assistant Clerk | 04/212015 | |

(Page 1 of 2)

## Instructions

1. *Type or print legibly; sign summons.*
2. *Prepare or photocopy a summons for each defendant.*
3. *Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*
4. *After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*
5. *The party recognized to pay costs must appear personally before the authority taking the recognizance.*
6. *Do not use this form for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters).*
   (b) *Summary process actions.*
   (c) *Applications for change of name.*

   (d) *Probate appeals.*
   (e) *Administrative appeals.*
   (f) *Proceedings pertaining to arbitration.*
   (g) *Any actions or proceedings in which an attachment, garnishment or replevy is sought.*

---

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 82 | Housing Civil Matters |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

---

JD-CV-1   Rev. 2-13

RETURN DATE: MAY 26, 2015, 2015   :       SUPERIOR COURT

CHRISTINE SEHOLM                    :       J. D. OF HARTFORD

VS.                                 :       AT HARTFORD

J. C. PENNY CORPORATION, INC.    :       APRIL 21, 2015

## C O M P L A I N T

1.     At all times relevant hereto the defendant, J. C. PENNY CORPORATION, INC., owned, leased and/or was in control of the premises known as the J. C. Penny Store, located at the West Farms Mall, 100 W. Farms Mall, Farmington, Connecticut, and was obligated, among other things, to maintain the interior and exterior grounds thereof.

2.     On or about June 23, 2013, the plaintiff, CHRISTINE SEHOLM, was at the premises known as J. C. Penny Store, as a business invitee.

3.     On or about June 23, 2013, the plaintiff, CHRISTINE SEHOLM, was walking in the interior of J. C. Penny Store.

4      On said date and at said place, as the plaintiff CHRISTINE SEHOLM proceeded to walk in the interior of J. C. Penny Store at the top of the escalator, she was caused to fall by reason of the dangerous and defective condition, further

1

causing her to suffer and sustain the injuries and losses hereinafter described.

5.      The area upon which the plaintiff CHRISTINE SEHOLM fell was in a dangerous and defective condition likely to cause harm to persons lawfully walking thereupon, such as the plaintiff, as the top of the escalator surface was defective and that had been present for some time.

6.      The injuries and losses suffered and sustained by the plaintiff, CHRISTINE SEHOLM, as hereinafter described were proximately caused by the negligence and carelessness of the defendant J. C. PENNY CORPORATION, INC., and/or its agents, servants and/or employees in one or more of the following manners:

(a)      in that they knew or in the exercise of reasonable diligence should have known of the presence of the defective escalator surface;

(b)      in that they failed to make a reasonable and proper inspection of the premises upon which the plaintiff fell;

(c)      in that they failed to remedy the condition of the defect;

(d)      in that they failed to warn the plaintiff of the presence of the defect;

(e)      in that they failed to keep and maintain the premises upon which the plaintiff was

2

walking in a reasonably safe condition for members of the public whom they knew or in the exercise of reasonable diligence should have known would be walking thereupon;

(f)     in that they failed to adhere to a program of routine maintenance to keep the premises upon which the plaintiff fell in a reasonably safe condition; and/or

(g)     in that they failed to properly and adequately light the area where the plaintiff fell.

7.     As a direct and proximate consequence of the negligence and carelessness of the defendant J. C. PENNY CORPORATION, INC., and/or its agents, servants and/or employees, the Plaintiff, CHRISTINE SEHOLM, suffered and sustained the following injuries and losses, the effects of all or some of which are or are likely to be permanent in nature, and all of which were accompanied by pain, suffering and anxiety:

(a)     injuries to the cervical spine;

(b)     injuries to both shoulders;

(c)     injuries to the lumbar spine;

(d)     injuries to both knees; and

(e)     injuries to the contiguous muscles, ligaments, nerves, soft tissues, glands, bones and joints of the injured parts.

3

8.   As a further direct and proximate consequence of the negligence and carelessness of the defendant J. C. PENNY CORPORATION, INC., and/or its agents, servants and/or employees, the plaintiff, CHRISTINE SEHOLM, was forced to incur expenses for medical care and attention, hospital care, x-rays, physical therapy, prescriptions and the like and may in the future.

9.   As a further direct and proximate consequence of the negligence and carelessness of the defendant J. C. PENNY CORPORATION, INC., and its agents, servants and/or employees, the plaintiff, CHRISTINE SEHOLM, was unable to perform the usual activities of her household and everyday life as she did prior to this occurrence, all to her further loss and detriment.

10.   As a further result of the negligence and carelessness of defendant J. C. PENNY CORPORATION, INC., and/or its agents, servants and/or employees, the plaintiff CHRISTINE SEHOLM may have lost time from her employment and may continue to lose time from work all to her economic loss and detriment.

4

WHEREFORE, the Plaintiff claims and demands:

1.  Fair, just and reasonable compensatory money damages as to all counts;

2.  Costs; and

3.  Such other, further, and different relief as this Court may deem just and equitable.

I hereby certify that I have personal knowledge of the financial responsibility of the plaintiff and deem it sufficient to pay the costs of this action.

Dated at East Hartford, Connecticut this 21st day of April, 2015.

THE PLAINTIFF,
CHRISTINE SEHOLM

By: _____

William B. Wynne, Esq.
Adler Law Group, LLC
111 Founders Plaza,
Suite 1102
East Hartford, CT 06108
(860) 282-8686/Fx: 860-282-8688
Juris No. 428826

5

RETURN DATE: MAY 26, 2015      :      SUPERIOR COURT

CHRISTINE SEHOLM      :      J. D. OF HARTFORD

VS.      :      AT HARTFORD

J. C. PENNY CORPORATION, INC.      :      APRIL 21, 2015

## STATEMENT OF AMOUNT OF DEMAND

The plaintiff in the above-entitled action hereby claims damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

THE PLAINTIFF,
CHRISTINE SEHOLM

By: _____
William B. Wynne, Esq.
Adler Law Group, LLC
111 Founders Plaza,
Suite 1102
East Hartford, CT 06108
(860) 282-8686/Fx: 860-282-8688
Juris No. 428826

6

**EXHIBIT B**




### State of Connecticut Judicial Branch
# Civil and Family E-Services

| Attorney/Firm: **MCELROY DEUTSCH MULVANEY & CARPENTER/PH (101812)** | E-Mail: **library@pepehazard.com** | Logout |

**Hide Instructions**                              **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Civil/Family Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

> Print This Page

| **Confirmation of E-filed Transaction  (print this page for your records)** |

| | |
|---|---|
| **Docket Number:** | HHD-CV-15-6059062-S |
| **Case Name:** | SEHOLM, CHRISTINE v. J. C. PENNEY CORPORATION, INC. |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | May-22-2015 |
| **Motion/Pleading by:** | MCELROY DEUTSCH MULVANEY & CARPENTER/PH (101812) |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Friday, May 22, 2015 11:31:57 AM |

> E-File Another Pleading/Motion/Other document on this Case

> Return to Civil / Family Menu          Return to Case Detail

Copyright © 2015, State of Connecticut Judicial Branch

| DOCKET NO. HHD-CV15-6059062-S | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| CHRISTINE SEHOLM | : | J.D. OF HARTFORD |
| | : | |
| v. | : | AT HARTFORD |
| | : | |
| J. C. PENNEY CORPORATION, INC. | : | MAY 22, 2015 |

## NOTICE TO SUPERIOR COURT OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant J. C. Penney Corporation, Inc. has filed a Notice of Removal in the United States District Court for the District of Connecticut for removal of this action thereto.  The basis for removal of this action is diversity of citizenship, pursuant to 28 U.S.C. § 1332(a).  A copy of the Notice of Removal (without exhibits) is attached hereto as **Exhibit A**.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1446(e), this court "shall proceed no further unless and until the case is remanded."

DEFENDANT:
J. C. PENNEY CORPORATION, INC.

By: /s/ David W. Case
       David W. Case
       McElroy, Deutsch, Mulvaney & Carpenter/PH, LLP
       Its Attorneys
       One State Street, 14th Floor
       Hartford, CT  06103
       Tel. No. 860.522.5175
       Fax No. 860.522.2796
       dcase@mdmc-law.com
       Juris No. 101812

## CERTIFICATION

This is to certify that a copy of the foregoing has been served via first class mail,

postage prepaid, this 22nd day of May, 2015 upon the following counsel of record:

**Counsel for Plaintiff:**
William B. Wynne, Esq.
Adler Law Group, LLC
111 Founders Plaza, Suite 1102
East Hartford, CT 06108
Tel: 860.282.8686
Fax: 860.282.8688
Juris No. 420107

/s/      David W. Case
David W. Case

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINE SEHOLM | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| J. C. PENNEY CORPORATION, INC. | : | |
| | : | |
| Defendant | : | MAY 22, 2015 |

## <u>NOTICE OF REMOVAL</u>

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

**COURT FOR THE DISTRICT OF CONNECTICUT:**

Pursuant to 28 U.S.C. §§ 1441 and 1446 *et seq.*, Defendant J. C. Penney Corporation, Inc. ("J. C. Penney") hereby submits this notice of removal of the above-entitled civil action from the Superior Court of Connecticut for the Judicial District of Hartford at Hartford ("the State Action") to the United States District Court for the District of Connecticut. Removal of this action, as explained below, is based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a).

In support of the removal of this case, J. C. Penney submits the following:

1.     J.C. Penney is a defendant in the above-entitled civil action, bearing a return date of May 26, 2015, brought in the Connecticut Superior Court. Copies of the Summons and Complaint in that action are attached hereto as **Exhibit A**. J. C. Penney first received the Summons and Complaint when it was served on April 22, 2015.

2.      At the time the State Action was commenced, J. C. Penney Corporation, Inc. was (and continues to be) a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024. J. C. Penney Corporation, Inc. is not a citizen of the State of Connecticut.

3.      Plaintiff is a citizen of the State of Connecticut, residing at 16 Lincoln Street, Unionville, Connecticut 06085.

4.      Removal to federal court is appropriate based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because:

a.      The plaintiff and defendant are citizens of different states and were citizens of different states at the time the suit was initiated;

b.      The Complaint does not specify the amount in demand other than the jurisdictional allegation that the damages are greater than $15,000, pursuant to Conn. Gen. Stat. § 52-91.

c.      Plaintiff's counsel would not stipulate that the amount in controversy does not exceed $75,000.00.

d.      Plaintiff alleges in her complaint that she "suffered and sustained the following injuries and losses, the effects of all or some of which are or are likely to be permanent in nature, and all of which were accompanied by pain, suffering and anxiety:  (a) injuries to the cervical spine; (b) injuries to both shoulders; (c) injuries to the lumbar spine; (d) injuries to both knees; and (e) injuries to the contiguous muscles, ligaments, nerves, soft tissues, glands, bones and joints of the injured

2

parts." Plaintiff further alleges that she "was forced to incur expenses for medical care and attention, hospital care, x-rays, physical therapy, prescriptions and the like and may in the future." Plaintiff further alleges she "was unable to perform the usual activities of her household and everyday life as she did prior to this occurrence, all to her further loss and detriment." Plaintiff further alleges she "may have lost time from her employment and may continue to lose time from work all to her economic loss and detriment."

e.     Based on the foregoing, there is a reasonable probability that the amount sought by Plaintiff and in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.     This Notice of Removal is timely under 28 U.S.C. § 1446(b), because the Plaintiff's Summons and Complaint in this action was served upon J. C. Penney on April 22, 2015, which is within 30 days of the filing of this Notice of Removal.

6.     Pursuant to 28 U.S.C. § 1446(d), J. C. Penney has, as of this date, notified the Connecticut Superior Court of the filing of this Notice of Removal. A copy of the Notice of Removal filed in the Connecticut Superior Court is attached hereto as **Exhibit B**.

7.     Pursuant to the Standing Order on removed cases, a Statement of Removed Case and a Notice of Pending Motions are being filed simultaneously herewith.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, J. C. Penney does hereby remove the aforementioned action from the Connecticut Superior Court and henceforth proceed in this Court.

DWC/34446/2/1295553v1
05/21/15-HRT/LFG

DEFENDANT:
J. C. PENNEY CORPORATION, INC.


By: /s/ David W. Case
       James A. Budinetz (ct16068)
       David W. Case (ct25895)
       McElroy, Deutsch, Mulvaney & Carpenter, LLP
       One State Street, 14th Floor
       Hartford, CT 06103
       Tel:  860-522-5175
       Fax:  860-522-2796
       jbudinetz@mdmc-law.com
       dcase@mdmc-law.com

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was sent via first class mail, postage

prepaid, on this 22nd day of May, 2015, to the following:

**<u>Counsel for Plaintiff:</u>**
William B. Wynne, Esq.
Adler Law Group, LLC
111 Founders Plaza, Suite 1102
East Hartford, CT  06108
Tel:  860.282.8686
Fax:  860.282.8688
Juris No. 420107


/s/     David W. Case
        David W. Case

DWC/34446/2/1295553v1
05/21/15-HRT/LFG